## (October 19, 1957)

In the Matter of the Claim of MARIA ALBANESE, Respondent, against ANSTICE FOUNDRY et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from a decision of the Workmen's Compensation Board which denied reimbursement from the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law, of funeral expenses paid by the carrier. Prior to July 1, 1947 decedent was totally disabled from silicosis, which caused his death subsequent to that date. The statute (Workmen's Compensation Law, § 15, subd. 8, par. [ee]) provides generally that in compensable cases of disability and death due to silicosis or other dust disease, the employer or carrier shall, in the first instance, pay all awards of compensation and all medical expense and, in the event of death, the funeral expenses and death benefits prescribed, but shall, in either event, be reimbursed from the Special Disability Fund " for all compensation and medical benefits, including funeral expenses and death benefits, subsequent to those payable for the first two hundred sixty weeks of disability and death benefits combined ". These general provisions, which we had occasion to consider, also, in *Matter of Atwell* v. *Carmichael Monument Co.* (4 A D 2d 892), are followed by the proviso, applicable to this case, that in the event of death after July 1, 1947, due to silicosis or other dust disease from which the employee was totally disabled prior to that date, the employer or carrier shall be reimbursed " for death benefits subsequent to those payable for the first one hundred four weeks." In construing similar language in paragraph (e) of the same subdivision we said: " It seems reasonably clear from this language that the Legislature did not intend to include funeral expenses in the general term ' death benefits ', otherwise there would have been no point in the separation of the two items. This interpretation is fortified by the language used in the next paragraph (ee) which also specifically mentions funeral expenses as well as death benefits." (*Matter of Krause* v. *Ronell Decorators*, 286 App. Div. 899, affd. 1 N Y 2d 676.) The same conclusion necessarily follows here. Decision unanimously affirmed, with costs to respondent, Special Disability Fund. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.